UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| SHELDON HEPBURN | CIVIL ACTION NO. 07-2102 |
| VS. | SECTION P |
| WARDEN JOSEPH YOUNG | JUDGE TRIMBLE |
| | MAGISTRATE JUDGE KAY |

## REPORT AND RECOMMENDATION

Before the court is Sheldon Hepburn's *pro se* Application for Writ of *Habeas Corpus* (28 U.S.C. § 2241) filed *in forma pauperis* on November 30, 2007. Hepburn is an inmate in the custody of the Federal Bureau of Prisons (BOP) and is currently housed at FCI-Oakdale, in Oakdale, Louisiana. At the time of the events complained of, he was incarcerated at FCI-Schuylkill in Minersville, Pennsylvania. He has named FCI-Oakdale's Warden Joseph Young as the respondent.

This matter has been referred to the undersigned for review, report and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of the court.

## STATEMENT OF THE CASE

Petitioner claims that while at FCI-Schuylkill he was housed in a sanitation closet located in a common area of the facility. He asserts that all inmates had access to the space and thus, it was not his personal area. In keeping, he states that he should not have been held responsible for a contraband cell phone found in the area on May 21, 2006. Nevertheless, he was charged with a

1

major violation of the institutional rules, namely possession, manufacture, or introduction of a hazardous tool (cell phone). Petitioner contends that there was no investigation into the ownership of the phone despite his request for same.

A disciplinary hearing was held on June 19, 2006. The report (dated June 27, 2006) from the hearing states that in addition to the Incident Report and Investigation, the disciplinary hearing officer considered a photograph taken on 5/21/06 showing the cell phone, as well as a memorandum dated 10/28/05 from Warden Holt which corroborated the evidence cited in the incident report. The disciplinary hearing report also stated that petitioner claimed that he did not know anything about the cell phone and felt that he had been set-up due to his involvement in hiding contraband tobacco. At the conclusion of the hearing, it was found that petitioner committed the prohibited act as charged. He was sanctioned as follows: disciplinary segregation-60 days; disallowance of good conduct time-54 days; forfeiture of non-vested good conduct time-108 days; loss of phone and visitation privileges-18 months; and loss of commissary privileges-1 year. A disciplinary transfer was also recommended to accommodate for more supervision and added security needs for petitioner. He filed this suit on November 30, 2007, asking that the verdict of the disciplinary hearing be vacated.

## **LAW AND ANALYSIS**

### *Habeas* **Claim**

A *habeas* petition is the proper vehicle to seek release from custody. See *Pugh v. Parish of St. Tammany*, 875 F.2d 436, 439 (5th Cir.1989); *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997). More specifically, "[A]ny claim by a prisoner attacking the validity or duration of his confinement must be brought under the habeas sections of Title 28 of the United States

Code."). *Calderon v. Ashmus*, 523 U.S. 740, 747, 118 S.Ct. 1694, 140 L.Ed.2d 970 (1998) ; see also *Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973) (holding that when an inmate challenges the very fact or duration of his confinement and the relief he seeks is immediate or speedier release, "his sole federal remedy is a writ of *habeas corpus*."). In the instant case, petitioner asks this court to vacate the verdict of the disciplinary hearing, which includes the loss of good time credit. Since a favorable outcome would result in the restoration of forfeited good time credits and accelerate his release, this matter is properly resolved as a *habeas* claim.

## Standard of Review – Prison Disciplinary Proceedings

The Supreme Court has held that prisoners are entitled to "those minimum procedures appropriate under the circumstances and required by the Due Process Clause to insure that the state-created right is not arbitrarily abrogated." *Wolff v. McDonnell*, 418 U.S. 539, 557, 94 S.Ct. 2963, 2975, 41 L.Ed.2d 935 (1974). As to prison disciplinary proceedings, due process requires only that there be "<u>some evidence</u> to support the findings made in the disciplinary hearing." *Superintendent, Mass. Correctional Inst., Walpole v. Hill*, 472 U.S. 445, 454, 105 S.Ct. 2768, 2773, 86 L.Ed.2d 356 (1985) (emphasis supplied). This standard has also been described as "a modicum of evidence," "any evidence," or "some evidence." The standard was crafted in order to balance the need to prevent arbitrary deprivation of protected liberty interests with the need to acknowledge institutional interests and avoid administrative burdens. See *id.* at 455, 105 S.Ct. at 2773-74. See also *Smith v. Rabalais*, 659 F.2d 539, 545 (5th Cir.1981) (courts must see "'whether any evidence at all' supports the action taken by the prison officials.")

Petitioner herein provided a copy of the Discipline Hearing Officer's (DHO) report.

As previously stated, the DHO report gives a summary of petitioner's charges and states that he was provided with written notice of the charge on May 31, 2006. It further indicates that petitioner declined staff representation at the hearing.

Petitioner's statement in defense is summarized as follows:

> "I was living in the overflow room and got into the cubicle on Friday; I got into an argument with a guy over a couple of pouches of tobacco that I found and was trying to hide. The guy asked me for a little tobacco so he could sell it and I said to give me two books of stamps for it and an hour or so later, I got called from a visit and was told they found a cell phone in my room. I asked the lieutenant to have the pone checked for fingerprints, because I don't know anything about the cell phone."

The evidence relied on to support the DHO's findings was summarized, in part, as follows:

> On 05/21/06, at approximately 1:30 pm, while conducting a search of cell E05-014, belonging to inmate Sheldon Hepburn...I found one cell phone located in a rolled sock, underneath his locker. Inculpatory evidence in the form of a photograph taken by Lt. Breckon dated 5/21/06 corroborated the evidence cited in this report . The photograph clearly depicts the cellular telephone as described in the report. Inculpatory evidence in the form of a memorandum from Warden Holt dated 10/28/05, corroborated the evidence cited in the incident report in this case. Warden Holt indicated I have determined that inmate possession of a cellular telephone at this institution poses a serious impact on institution security. ...please note that BOP Program Statement 5270.07 states it is an inmate's responsibility to keep his area free of contraband. The DHO believed the information provided by the staff members involved in this case, as they derived no known benefit by providing false information.

The DHO found petitioner guilty of the rules violation, noting in part:

> After the consideration of evidence listed in Sections III and V of this hearing report and documented above, the DHO has drawn the conclusion the greater weight of the evidence/some facts, listed in paragraphs two through four above, support(s) the finding inmate Sheldon Helpburn...committed the prohibited act(s) of possession, manufacture, or introduction of a hazardous tool (cell phone)...on

4

05/21/06...

This synopsis of the testimony heard by the DHO clearly constitutes "some" or "any" evidence to support the DHO's verdict. In *Smith v. Rabalais*, 659 F.2d 539, 545 (5th Cir.1981), the Fifth Circuit held that "...prison officials enjoy wide discretion" in regards to a prison discipline hearing officer's finding of guilt. In petitioner's case, the DHO, after considering the information presented at the hearing, found that he had committed the violation. Courts do not assess the weight of the evidence in their review of prison disciplinary hearings. See *Hill*, 472 U.S. at 455-56, 105 S.Ct. at 2774. Instead, they only examine the available evidence to determine if the guilty finding has "support of 'some facts' or 'any evidence at all.'" *Gibbs v. King*, 779 F.2d 1040, 1044 (5th Cir.1986). The Supreme Court held: "The fundamental fairness guaranteed by the Due Process Clause does not require courts to set aside decisions of prison administrators that have <u>some</u> basis in fact. Revocation of good time credits is not comparable to a criminal conviction, and neither the amount of evidence necessary to support such a conviction, nor any other standard greater than <u>some</u> evidence applies in this context." *Hill*, 472 U.S. at 456, 105 S.Ct. at 2774 (internal citations omitted)(emphasis supplied).

Clearly, there is "some evidence" of petitioner's guilt. His *habeas* claim is without merit and should be denied and dismissed.

**ACCORDINGLY,**

**IT IS RECOMMENDED** that the petition for writ of *habeas corpus* be **DENIED** and **DISMISSED** with prejudice.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any

objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

**THUS DONE AND SIGNED** in Chambers at Lake Charles, Louisiana, this 25th day of August, 2008.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE